IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PENN GRAND APARTMENTS,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO.<br>5:11-cv-01218 M |
| COMMERCIAL<br>INDUSTRIAL BUILDING<br>OWNERS ALLIANCE INC.,<br>*Defendant*. | §<br>§<br>§<br>§<br>§ | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:         January 3, 2012 @ 3:40 P.M.

Appearing for Plaintiff:    David A. Christoffel, OBA# 20967
ARGUELLO, HOPE & ASSOCIATES
2313 Strand Street
Galveston, Texas 77550
Phone: (409) 497-4574
Facsimile: (713) 583-6307
E-mail: David@simplyjustice.com
ATTORNEY FOR PLAINTIFF

Appearing for Defendant:    Michael S. McMillin, OBA# 12404
J. Mark McAlester, OBA# 18104
FENTON, FENTON, SMITH, RENEAU & MOON
211 N. Robinson, Suite 800 N
Oklahoma City, Oklahoma 73102
Phone: (405) 235-4671
Facsimile: (405) 235-5247
E-mail: msmcmillin@fentonlaw.com
ATTORNEYS FOR DEFENDANT

**Jury Trial Demanded XX☐  -  Non-Jury Trial___**

1.   **BRIEF PRELIMINARY STATEMENT**. State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    A.    <u>Plaintiff</u>:

    This is a claim for breach of contract and breach of duty of good faith and fair dealing resulting from Plaintiff's claim for damages to its property as a result of a wind and hail storm on or about August 5, 2009.

    B.    <u>Defendant</u>:

    Defendant denies plaintiff's claims. The plaintiff's property damage claim was timely investigated and properly adjusted. It was determined that the majority of damage to plaintiff's property pre-existed the August 5, 2009 storm. The amount due and owing the plaintiff after deduction of the $25,000 policy deductible was tendered to plaintiff, however plaintiff refused to accept the money and filed suit.

2. **JURISDICTION**. The basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has jurisdiction over this matter pursuant to 28 USC § 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

    1.    Plaintiff is considered a citizen of the State of Oklahoma.

    2.    Defendant is considered a citizen of the State of California.

    3.    The amount in controversy exceeds $75,000.

    4.    Defendant admits that it had obtained insurance coverage for the Plaintiff's property at 3700 South Pennsylvania Avenue, Oklahoma City.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    A.    <u>Plaintiff</u>:

        1.    Plaintiff is seeking contractual damages as a result of Defendant's failure to pay Plaintiff's claim.

        2.    Plaintiff is seeking damages from Defendant for breach of its duty of

        good faith and fair dealing by conducting an untimely and inadequate investigation of Plaintiff's insurance claim and by failing to exercise reasonable diligence to discover the truth regarding the full scope and extent of loss to the Property.

3.     Plaintiff is seeking compensatory and punitive damages.

B.     <u>Defendant</u>:

1.     Commercial Industrial Building Owners Alliance, Inc. ("CIBA") is in the business of servicing commercial and residential real estate owners and managers. CIBA is a licensed surplus lines insurance broker and operates a program that utilizes various insurance companies to provide its members with property insurance coverage.

2.     CIBA is not an insurance company and cannot be held liable to the plaintiff for breach of contract or bad faith.

3.     The annual aggregate under the policy has been met. As such, any payment due under the policy is the responsibility of the insurance carrier, Lexington Insurance Company.

4.     At all times defendant acted fairly and in good faith in the handling of plaintiff's claim.

5.     There is a legitimate dispute as to the extent, amount and cause of plaintiff's damages and defendant had justifiable reasons supporting the adjustment of plaintiff's claim.

6.     Plaintiff has failed to comply with all conditions precedent to any recovery that might be permitted under the policy of insurance.

7.     The alleged damages to plaintiff's property occurred prior to the effective date of the insurance policy, thereby precluding any recovery for such damages.

8.     Plaintiff's claims are barred pursuant to the terms, conditions, exclusions, endorsements and other provisions in the insurance policy.

9.     Plaintiff's claims are barred and/or limited to the extent that plaintiff failed to mitigate its damages or failed to comply with the terms and conditions of the insurance policy.

      10.    Plaintiff's claim for punitive damages violates the Oklahoma and United States constitutions.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE.**

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    \_\_\_Yes    XX\_ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

There are not any motions currently pending before this court but the Plaintiff anticipates filing a motion to amend its complaint to join an additional party. Defendant anticipates filing a motion for summary judgment.

7. **COMPLIANCE WITH RULE 26(a)(1).** Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?
   Plaintiff:    \_\_\_Yes \_X\_\_ No
   Defendant:    \_\_\_Yes \_X\_\_ No

If "no," by what date will they be made?

Parties anticipate making initial disclosures by January 5, 2012.

8. **PLAN FOR DISCOVERY.**

   A. The discovery planning conference pursuant to (Fed. R. Civ. P. 26(f)) was held on December 21, 2011.

   B. The parties anticipate that discovery should be completed within <u>nine months.</u>

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>six months.</u>

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, as required by Fed. R. Civ. P. 26(f)(3)?

xx Yes      ___No

The parties have had discussions regarding ESI production. The parties continue to explore the various formats the ESI is contained in.

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Fed. R. Civ. P. 26(f)(4)?

xx Yes      ___No

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

None identified at this time.

9. **ESTIMATED TRIAL TIME**: 5-6 days_____

10. **BIFURCATION REQUESTED**:      ___Yes      xx No

11. **POSSIBILITY OF SETTLEMENT**:   ___Good   xx Fair   ___Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.3(c) - ADR discussion:   xx Yes   ___No

    B. The parties request that this case be referred to the following ADR process:

    X Mediation
    ☐ Judicial Settlement Conference
    ☐ Other

    _____

13. Parties consent to trial by Magistrate Judge?   ___Yes  xx☐ No

14. Type of Scheduling Order Requested. Xxx ☐ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th day of December, 2011.

                        Respectfully Submitted,

                        /s/ J. Mark McAlester
                        *With permission and approval of*
                        David A. Christoffel, OBA# 20967
                        Arguello Hope & Associates, PLLC
                        2313 Strand Street
                        Galveston, TX 77550
                        (409) 497-4574 Telephone
                        (713) 583-6307 Facsimile
                        Email: David@simplyjustice.com

                        **ATTORNEY FOR PLAINTIFF**
                        **PENN GRAND APARTMENTS**

                        /s/ J. Mark McAlester
                        Michael S. McMillin, OBA# 12404
                        J. Mark McAlester, OBA# 18104
                        FENTON, FENTON, SMITH, RENEAU & MOON
                        211 N. Robinson, Suite 800 N
                        Oklahoma City, Oklahoma 73102
                        Phone: (405) 235-4671
                        Facsimile: (405) 235-5247
                        E-mail: msmcmillin@fentonlaw.com

                        **ATTORNEYS FOR DEFENDANT**
                        **COMMERCIAL INDUSTRIAL BUILDING**
                        **OWNERS ALLIANCE, INC.**