IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PENN GRAND APARTMENTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:11-CV-01218 M |
| COMMERCIAL INDUSTRIAL | § | |
| BUILDING OWNER'S ALLIANCE, | § | |
| INC., and LEXINGTON INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

MAY IT PLEASE THE COURT:

Through the undersigned attorney comes PENN GRAND APARTMENTS who, for the following reasons, brings the instant complaint against COMMERCIAL INDUSTRIAL BUILDING OWNER'S ALLIANCE, INC. and LEXINGTON INSURANCE COMPANY and states as follows:

### I.     NATURE OF THE ACTION

1.     This is a civil complaint by PENN GRAND APARTMENTS (hereinafter, "Plaintiff") against its insurers, COMMERCIAL INDUSTRIAL BUILDING OWNER'S ALLIANCE, INC. (hereinafter, "CIBA") and LEXINGTON INSURANCE COMPANY (hereinafter, "Lexington") to enforce its rights under property insurance policies issued by CIBA and Lexington.

2.     On or about the 5th day of August 2009, a hail and wind storm struck Oklahoma

1

County, and specifically Plaintiff's property located at 3700 South Pennsylvania Avenue, Oklahoma City, State of Oklahoma, thereby causing property damage.

3.　　Shortly after the above described hail and wind storm, Plaintiff notified Defendants of the property damage to Plaintiff's property, but Defendants refused to fully pay Plaintiff's claim.

## II.　　THE PARTIES

4.　　Plaintiff is PENN GRAND LIMITED d/b/a PENN GRAND APARTMENTS, an Oklahoma corporation, owning property at 3700 South Pennsylvania Avenue, Oklahoma City, State of Oklahoma.

5.　　Defendant CIBA is a foreign corporation, headquartered in Glendale, California. CIBA has answered this lawsuit. Service of this *First Amended Complaint* may be had through its attorney of record under Fed. R. Civ. P. 5.

6.　　Defendant Lexington is a Maryland corporation with its principal place of business in Boston, Massachusetts. Service of this *First Amended Complaint* may be had under Fed. R. Civ. P. 4 by sending three copies of this *First Amended Complaint* and summons and the appropriate fee to the Oklahoma Insurance Department to forward service of process to Defendant Lexington.

## III.　　JURISDICTION

7.　　The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## IV.    VENUE

8.      Venue is proper in this district under 28 U.S.C. § 1446(a) because this is the district and division in which the original state court proceeding was pending before removal.

## V.    CONDITIONS PRECEDENT

9.      All conditions precedent have been performed or have occurred as required by law or contract.

## VI.    COUNT I – BREACH OF CONTRACT (CIBA)

10.     Plaintiff incorporates by reference all preceding paragraphs.

11.     Plaintiff and CIBA entered into an insurance contract effective from March 31, 2009, to March 31, 2010 (hereinafter, "the CIBA Policy"). Under the CIBA Policy, CIBA would provide insurance to Plaintiff's property located at 3700 South Pennsylvania Avenue, Oklahoma City, State of Oklahoma, in exchange for the timely payment of premiums.

12.     Plaintiff paid its insurance premiums in a timely fashion.

13.     Defendant CIBA was timely notified of the property damage, yet failed to pay benefits to Plaintiff in accordance with the insurance policies.

14.     Defendant CIBA thereby breached the contract of insurance with Plaintiff.

15.     Defendant CIBA continues to breach the contract of insurance with Plaintiff.

16.     Because of the conduct of Defendant CIBA, Plaintiff has been compelled to engage the services of an attorney to prosecute this action. The Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals.

## VII.   COUNT II – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING (CIBA)

17.     Plaintiff incorporates by reference all preceding paragraphs.

18.     From and after the time Plaintiff's claims were presented to Defendant CIBA, Defendant CIBA's liability to pay the claims in accordance with the terms of the insurance policies was reasonably clear.  Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Plaintiff's claims, Defendant CIBA refused to accept the claim and pay Plaintiff as the policy required.

19.     Consequently, Defendant CIBA breached its duty to deal fairly and in good faith with Plaintiff.  Defendant CIBA's breach was a proximate cause of the losses, expenses, and damages suffered by Plaintiff, as more specifically described below.

20.     Plaintiff has suffered injury independent of the loss of policy benefits, and that injury resulted from Defendant CIBA's gross negligence, malice, or actual fraud, which entitles Plaintiff to punitive damages.

21.     The conduct described in the above two paragraphs constitutes a breach of Defendant CIBA's duty of good faith and fair dealing that was owed to its insured customer, Penn Grand Apartments, which entitles Plaintiff to recover fifteen percent interest (15 %) upon monies owed pursuant to 36 Okla. Stat. 1985 § 3629(B).

22.     Due to the unreasonable and bad faith denial of Plaintiff's claims by Defendant CIBA, Plaintiff has incurred various damages including mental distress associated with many delays on the part of the foregoing entity in pursuing this claim against it.  Defendant CIBA has also compelled Plaintiff to employ these attorneys and to pay court costs associated with this

action.

## VIII.   COUNT III – BREACH OF CONTRACT (LEXINGTON)

23.     Plaintiff incorporates by reference all preceding paragraphs.

24.     Plaintiff and Lexington entered into an insurance contract effective from March 31, 2009, to March 31, 2010 (hereinafter, "the Lexington Policy"). Under the Lexington Policy, Lexington would provide insurance to Plaintiff's property located at 3700 South Pennsylvania Avenue, Oklahoma City, State of Oklahoma, in exchange for the timely payment of premiums.

25.     Plaintiff paid its insurance premiums in a timely fashion.

26.     Defendant Lexington was timely notified of the property damage, yet failed to pay benefits to Plaintiff in accordance with the insurance policies.

27.     Defendant Lexington thereby breached the contract of insurance with Plaintiff.

28.     Defendant Lexington continues to breach the contract of insurance with Plaintiff.

29.     Because of the conduct of Defendant Lexington, Plaintiff has been compelled to engage the services of an attorney to prosecute this action.  The Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorneys in the preparation and trial of this action and for any appeals.

## IX.    COUNT IV – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING (LEXINGTON)

30.     Plaintiff incorporates by reference all preceding paragraphs.

31.     From and after the time Plaintiff's claims were presented to Defendant Lexington, Defendant Lexington's liability to pay the claims in accordance with the terms of the insurance policies was reasonably clear.  Despite there being no basis on which a reasonable insurance

5

company would have relied to deny payment of Plaintiff's claims, Defendant Lexington refused
to accept the claim and pay Plaintiff as the policy required.

32.     Consequently, Defendant Lexington breached its duty to deal fairly and in good
faith with Plaintiff.  Defendant Lexington's breach was a proximate cause of the losses,
expenses, and damages suffered by Plaintiff, as more specifically described below.

33.     Plaintiff has suffered injury independent of the loss of policy benefits, and that
injury resulted from Defendant Lexington's gross negligence, malice, or actual fraud, which
entitles Plaintiff to punitive damages.

34.     The conduct described in the above two paragraphs constitutes a breach of
Defendant Lexington's duty of good faith and fair dealing that was owed to its insured customer,
Penn Grand Apartments, which entitles Plaintiff to recover fifteen percent interest (15 %) upon
monies owed pursuant to 36 Okla. Stat. 1985 § 3629(B).

35.     Due to the unreasonable and bad faith denial of Plaintiff's claims by Defendant
Lexington, Plaintiff has incurred various damages including mental distress associated with
many delays on the part of the foregoing entity in pursuing this claim against it.  Defendant
Lexington has also compelled Plaintiff to employ these attorneys and to pay court costs
associated with this action.

### X.     WAIVER AND ANTICIPATORY BREACH

36.     Defendant CIBA waived its contractual rights under the Policies, including but
not limited to appraisal, due to Defendant CIBA's delay, unfair actions, breach of the underlying
contract, and unconditional denial of all or part of Plaintiff's claims.  Additionally, CIBA's
breach of underlying contract relieves Plaintiff of any corresponding obligations, including but

6

not limited to appraisal. Defendant CIBA's unjust and unreasonable delay and denial of Plaintiff's claim estops Defendant from attempting to subsequently enforce provisions of the policy.

37.    Defendant Lexington waived its contractual rights under the Policies, including but not limited to appraisal, due to Defendant Lexington's delay, unfair actions, breach of the underlying contract, and unconditional denial of all or part of Plaintiff's claims. Additionally, Lexington's breach of underlying contract relieves Plaintiff of any corresponding obligations, including but not limited to appraisal. Defendant Lexington's unjust and unreasonable delay and denial of Plaintiff's claim estops Defendant from attempting to subsequently enforce provisions of the policy.

## XI.    DAMAGES

38.    The conduct of Defendants in this matter was the producing and proximate cause of harm to Plaintiff in at least the following respects:

a.    Actual damages, including but not limited to, all general damages and the Value of benefits due under insurance policy;

b.    Exemplary Damages;

c.    Reasonable and necessary attorney's fees;

d.    Pre-judgment and Post-judgment interest as provided by law;

e.    Court Costs; and

f.    All other and further relief to which Plaintiff may be justly entitled.

7

## XII.   ATTORNEY FEES

39.   As a result of Defendants' breach of contract, Plaintiff retained an attorney and seeks reimbursement for its reasonable attorney fees as authorized by law or contract.

## XIII.  PRAYER

40.   For these reasons, Plaintiff prays that it takes judgment against Commercial Industrial Building Owner's Alliance Inc. and Lexington Insurance Company for breach of contract and for breach of the duty of good faith and fair dealing for actual damages in excess of $10,000.00, and punitive damages in excess of $10,000.00, costs, interest, attorney fees and any other remedy which this court deems meet and just.

Respectfully Submitted,

David A. Christoffel, OBA # 20967
Arguello, Hope & Associates, PLLC
2313 Strand St.
Galveston, Texas 77550
409-497-4574 Telephone
713-583-6307 Facsimile

Attorney for Plaintiff,
Penn Grand Apartments

Attorney Lien Claimed

## CERTIFICATE OF SERVICE OF PROCESS

I certify that service of process of the instant complaint and summons has been made by

U.S. certified mail, return receipt requested to the following agent for service of process upon

Lexington Insurance Company:

Oklahoma Insurance Commissioner

Five Corporate Plaza

3625 NW 56th, Suite 100

Oklahoma City, OK 73112

AGENT FOR SERVICE OF PROCESS UPON LEXINGTON INSURANCE COMPANY

/s/ *David Christoffel*
David Christoffel
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record, in accordance with the Federal Rules of Civil Procedure, on this the **31st** day of **January, 2012,** as follows:

FENTON, FENTON, SMITH, RENEAU & MOON
Michael S. McMillin, Attorney at Law
K. Mark McAlester, Attorney at Law
211 N. Robinson, Suite 800 N
Oklahoma City, Oklahoma 73102
Facsimile: (405) 235-5247
E-mail: Msmcmillin@fentonlaw.com

ATTORNEYS FOR DEFENDANT CIBA

/s/ David A. Christoffel
David A. Christoffel

9